UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

RAYMOND C. CURTIS                  *

           Plaintiff          *

v.                                 *     Civil No. RDB-05-3437

PAUL BOCCONE, LL.M, et al.         *

          Defendants         *

                            *

* * * * * * * * * * * * *

**MEMORANDUM**

Background

    Defendant, Paul P. Boccone, LL.M, is before this Court on a Notice of Removal from the Magistrate Court of McDowell County, West Virginia, pursuant to 28 U.S.C. § 1441. Boccone filed for removal alleging federal original jurisdiction pursuant to 28 U.S.C. § 1343, and arising under the Fair Debt Collection Act, 15 U.S.C. §§ 1692, *et seq.* (Notice of Removal p. 3). The matter concerns an alleged failure to pay for appraisal services rendered. (Def. Answer ¶ 16-17). Plaintiff Raymond C. Curtis, alleges non-payment and requests relief in the amount of $2,086.95. *Id.* Defendant alleges he did not retain Plaintiff's services, (*id.* ¶ 23), and that Brewyn Mortgage, Inc., a co-defendant, already paid the invoices in full. (*Id.* ¶ 12-14). Boccone counterclaims

against Plaintiff for attempting to collect an invalid debt under the Fair Debt Collection Act.  (*Id.* ¶ 29).

The instant issue before the Court is whether, under these facts, the matter was properly removed to this Court.[1]

For the reasons that follow, this Court orders that this matter be remanded to the Magistrate Court for McDowell County, West Virginia.

Analysis

In general, removal is appropriate for "any action from a state court to a federal court if the action could have originally been brought in federal court." *Yarnevic v. Brink's, Inc.*, 102 F.3d 753, 754 (4th Cir. 1996); 28 U.S.C. § 1441, *et seq.*  As such, when the federal court has original jurisdiction over a claim, removal is proper.  28 U.S.C. § 1441(b).  Where diversity of citizenship and amount in controversy are sufficient for federal jurisdiction, removal is also proper.  28 U.S.C. § 1441(a). However, in application, removal is allowed only by defendants, and based on the plaintiff's well-pleaded complaint.  Wright & Kane, Federal Practice and Procedure: Federal Practice Desk Book § 40 at 303, 310-11 (West 2002).  Accordingly, the defendant may remove a claim when plaintiff relies on federal law for the claim.  *Id.* at

---

[1] This Court has received a copy of an Order of the Circuit Court of McDowell County, West Virginia wherein Judge Booker T. Stevens has ordered that this matter be stricken from not only the docket of that court, but from the docket of this Court.  The basis of this Order is the improper removal from the Magistrate Court of McDowell County, West Virginia.  In light of this Court's remand, this Court need not address the legal effect of Judge Stephens' ordering the striking of a matter from the docket of this Court.

304. A defendant may not remove a claim where the defendant's defense alone invokes federal law. *Id.* A defendant's counterclaim is also insufficient basis for removal as the defendant could bring the independent action in federal court. *Id.* § 39 at 295. Therefore, where plaintiff files under state law and defendant replies with a federally-based defense, removal is improper. *Id.*

Moreover, the procedure for removal may be an important issue. A defendant typically has thirty days to file a Notice of Removal. *Id* § 42 at 329. The thirty days run from receipt of the complaint by the defendant or a personally appointed representative. *Id.* at 329-30; 28 U.S.C. § 1446(b). After filing the notice of removal with the federal court, the defendant must give written notice of the removal to the plaintiff and file a copy of the notice with the state court. *Id.* § 42 at 326. Additionally, all of the defendants to the claim must join the notice of removal, unless they were not served by the plaintiff. *Id.* at 327-28.

As noted in the Order of Judge Stephens of the Circuit Court of McDowell, West Virginia, the notice of removal filed by the Defendant Boccone was defective. It is unclear whether Defendant Boccone filed the notice of removal within the requisite 30-day period. It is undisputed that he did not procure the consent of the other Defendants to this action in the notice of removal. It is well established that the "burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey* v. *Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). In that case the Fourth Circuit noted that "[i]f federal jurisdiction is doubtful a remand is necessary." *Id.*

More fundamentally, there is no basis for federal jurisdiction. The original federal jurisdiction which Defendant Boccone seeks to assert under 15 U.S.C. § 1692 arises from his counterclaim against the Plaintiff. That counterclaim does not provide the basis for federal jurisdiction. Furthermore, there is no basis for diversity jurisdiction pursuant to 28 U.S.C. § 1332 as the amount in controversy is clearly well below the required minimum of $75,000.

Accordingly, Defendant Boccone's notice of removal was improper and this matter shall be REMANDED to the Magistrate Court of McDowell County, West Virginia.

April 6, 2006

/s/
_____
Richard D. Bennett
United States District Judge